

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 0 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SAMMY HODGES,<br><br>　　　　Defendant. | Case No.  CR 25-00090-JFW<br><br>ORDER OF DETENTION |

## I.

On March 5, 2026,  Defendant Sammy Hodges made his initial appearance on the Indictment filed in this matter. Patrick Hall, a member of the CJA Defense Panel, was appointed to represent Defendant.  The government was represented by Assistant United States Attorney Jenna McCabe. At Defendant's request, the

detention hearing was continued to March 10, 2026, and held on that day. The government was represented by Assistant U.S. Attorney Danny Weiner.

☒    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

\\
\\
\\

2

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

&boxtimes;     history of failures to appear and parole violations

&boxtimes;     inconsistencies in background information provided by defendant and proposed surety re residence address, prior employment, family members, history of drug use, and history of foreign travel

&boxtimes;     use of multiple aliases, monikers and name variations

&boxtimes;     alleged gang member

As to danger to the community:

&boxtimes;     allegations in the Indictment involve possession with intent to distribute fentanyl and history of drug use

&boxtimes;     history of failures to appear and parole violations

&boxtimes;     criminal history includes repeated criminal conduct, felony convictions for burglary, drug related felony conviction and multiple law enforcement contacts for drug related charges.

&boxtimes;     alleged gang member

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

3

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: March 10, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

4